Filed 4/22/25  P. v. Hix CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337857 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA034875) |
| v. | |
| JOSEPH ALAN HIX, | |
| Defendant and Appellant. | |

THE COURT:

Joseph Alan Hix (Defendant) appeals the order of the superior court summarily denying his petition for resentencing under Penal Code section 1172.6.[1] We appointed counsel to represent Defendant on

---

[1]     Undesignated statutory references are to the Penal Code.

The petition is not in the record. In issuing its initial order on the petition, the trial court described it as having been made pursuant to section 1170.95. Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022,

appeal. After reviewing the entire record on appeal, counsel filed a brief raising no issues and requesting that we proceed in accordance with the framework established in *People v. Delgadillo* (2022) 14 Cal.5th 216, 221 (*Delgadillo*) for postconviction appeals in which counsel has found no arguable merit. Under that framework, we gave notice to Defendant of his right to file a supplemental letter or brief within 30 days, barring which his appeal could be dismissed. He filed a letter in response; we now dispose of his appeal by this written opinion. (*Id.* at p. 232.)

We draw the factual background from this court's unpublished decision in Defendant's direct appeal from his conviction (*People v. Hix* (Feb. 3, 2009, B203884) [nonpub. opn.] (*Hix I*)). It appears to be accurate based on our review of the record on appeal, which includes the information, first degree murder verdict, the transcript of a conditional examination of Alphonse Lupien (who died before trial), transcripts of trial testimony of Munish Gaur and a Los Angeles County Sheriff's Department detective, the parties' closing arguments, and the jury instructions.

Defendant was convicted by a jury on two counts relating to two separate violent attacks he committed about two months apart in 2005. The first, for which Defendant was convicted of attempted murder, occurred in early August. Defendant encountered two McDonald's employees, Joshua Quintana and his coworker, on break in the restaurant's parking lot. "At 10 feet away, [Defendant] yelled, 'What did you say to me?' Quintana, who had never seen [Defendant] before, turned around and said 'Nothing,' and turned back to [his coworker]. After Quintana resumed his conversation with [his coworker], [Defendant] walked up to Quintana and stabbed him in the neck with a pen a quarter of an inch away from his Adam's apple.

ch. 58, § 10.) We refer to the statute only by its current number for clarity and convenience.

2

Quintana, bleeding profusely from the wound, reported the stabbing and was taken by ambulance to the hospital." (*Hix I, supra,* B203884.) He survived.

In late September 2005, Defendant stabbed another stranger in a parking lot. "Alphonse Lupien . . . said 'hi' to [Defendant] as he walked into a doughnut shop in Lancaster. [Defendant] did not respond. Lupien ate a doughnut and drank coffee at a table outside the doughnut shop while [Defendant] paced back and forth, saying nothing. As Lupien walked toward his car, [Defendant] stabbed him in the back with a knife. As he lay on the ground, Lupien felt [Defendant] feeling around his pockets. From his window in the cigarette shop next door, Munish Gaur . . . saw [Defendant] acting suspiciously. When he walked outside the door, he saw Lupien on the ground yelling for help and [Defendant] running away. Lupien identified [Defendant] as his attacker in a photo lineup. Gaur described [Defendant] to police and helped develop a composite sketch of [Defendant]. Lupien described [Defendant] as having a short beard. Lupien died on March 20, 2006, as a result of a spinal cord injury caused by the knife attack." (*Hix I, supra*, B203884.)

Police apprehended Defendant after his apartment manager identified him from a bulletin distributed by law enforcement personnel. "[A] jury convicted him in count 1 of murder (Pen. Code, § 187, subd. (a)) and count 2 of attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a)). The jury found true the allegation that [Defendant] personally used a deadly and dangerous weapon, to wit, a knife in count 1 and a pen in count 2, within the meaning of section 12022, subdivision (b)(1). The jury also found true that in count 2 [Defendant] personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). [Defendant] admitted that he had suffered a prior conviction for attempted murder (§§ 664, 187, subd. (a)) within the meaning of section 667, subdivision (a). The sanity phase jury found [Defendant] was sane at

the time of the commission of the crimes." (*Hix I*, *supra,* B203884, fn. omitted.)

The conviction on count 1 was for murder in the first degree. The jury was instructed on two separate theories of first degree murder (§ 189, subd. (a)): (1) that Defendant committed a willful, deliberate, and premeditated killing; and (2) that Defendant committed the killing while committing an actual or attempted robbery (i.e., felony murder).

Defendant appealed his conviction on various grounds and we found no error. (*Hix I*, *supra,* B203884.)

In June 2023, Defendant filed a petition for resentencing pursuant to section 1172.6. The trial court, noting the jury instruction in his trial record pertaining to felony murder, ordered counsel appointed for Defendant. Following briefing from the People and Defendant's private counsel and a hearing on the matter, the court determined Defendant had not made out a prima facie case for entitlement to resentencing. Specifically, the court found Defendant was the only individual who committed the act of stabbing Lupien to death, there was no evidence anyone else could have killed Lupien, and no evidence or instructions were delivered to the jury which would have imputed malice to Defendant other than by applying California's then and current first degree felony-murder rule.

We have jurisdiction over Defendant's timely appeal pursuant to section 1237, subdivision (b).

Under *Delgadillo*, we need not conduct an independent review of the record in appeals of postconviction orders where appointed counsel has filed a no-issue brief. We are bound only to "evaluate the specific arguments presented in [the defendant's] brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Further, our review is limited to considering issues that are properly raised in the particular postconviction context. Orders under section 1172.6 do not open a conviction to unlimited collateral attack. (*People v. Nguyen*

4

(2020) 53 Cal.App.5th 1154, 1167-1168.) Rather, we may review only those issues arising under section 1172.6.

Section 1172.6 was enacted in 2018 as part of Senate Bill No. 1437. The purpose of Senate Bill No. 1437 was to better align criminal punishment for homicide with the perpetrator's culpability. This purpose was effected by narrowing the then-existing felony murder rule (§ 189), amending the definition of malice necessary to support a conviction for murder (§ 188), and establishing a resentencing procedure (§ 1172.6) for individuals serving sentences for convictions under the pre-amendment laws to give them the benefit of the changes. (See *People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) As relevant here, a defendant is eligible for relief under section 1172.6 if the following three conditions are satisfied: (1) he was prosecuted under a theory of felony murder; (2) he was convicted of murder; and (3) he could not presently be convicted of murder because of the changes to section 189 effectuated by Senate Bill No. 1437. (§ 1172.6, subd. (a).) Senate Bill No. 775 extended the benefit of section 1172.6 to persons convicted of attempted murder and voluntary manslaughter.

Importantly, Senate Bill No. 1437 did not eliminate the felony murder rule altogether. Persons who, in a homicide committed in the actual or attempted perpetration of certain other felonies (including burglary), either (1) were the "actual killer," (2) acted with intent to kill, or (3) were "a major participant in the underlying felony and acted with reckless indifference to human life," remain liable for murder. (§ 189, subds. (a) & (e)(1)-(3); *People v. Garcia* (2022) 82 Cal.App.5th 956, 966-969 (*Garcia*).) Accordingly, relief under section 1172.6 is unavailable to such persons. (*People v. Strong* (2022) 13 Cal.5th 698, 710; see also *People v. Love* (2025) 107 Cal.App.5th 1280, 1287.)

Here, Defendant contends in his letter that he lacked any intent to kill Quintana or Lupien, though "[he] admit[s] the 2 stabbings [*sic*]." This admission confirms what is indisputable based on the record

5

below. Only Defendant perpetrated the stabbings. No one else was involved. Defendant's convictions for murder and attempted murder were in no way based on a theory of felony murder that has since been eliminated. The only felony-murder theory presented to the jury was that Defendant's killing of Lupien was first degree murder because it occurred while Defendant was robbing, or attempting to rob, Lupien. To the extent the jury relied on this theory to convict Defendant of first degree murder, the theory remains viable today. (§ 189, subd. (e)(1); *Garcia, supra*, 82 Cal.App.5th at pp. 966-969.) The trial court properly denied Defendant's petition as a matter of law. (See § 1172.6, subd. (a)(3) [petitioner ineligible for relief if he could be convicted of murder notwithstanding Sen. Bill No. 1437's amendments to §§ 188 & 189]; *Garcia*, at p. 973.) And Defendant's appointed counsel properly complied with his responsibilities in submitting a no-issue brief.

The trial court's order denying Defendant's petition is affirmed.

ASHMANN-GERST, Acting P. J.      CHAVEZ, J.    RICHARDSON, J.

6